Brian B. Winegar (WSB # 7-6140)
Fred H. Shepherd (WSB # 7-5762)
VICKERY & SHEPHERD, LLP
10000 Memorial Dr. Ste. 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: brian@justiceseekers.com
Email: fred@justiceseekers.com
*Counsel for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 MAR -6 AM 9:49

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BRYANT SHEPARD and AMANDA SHEPARD, Individually and as Next Friends of HANNAH SHEPARD and MASON SHEPARD,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>REED CONSTRUCTION CO., INC. and DAVID REED, an Employee of Reed Construction Co., Inc.,<br>　　　　　Defendants. | CASE #: 20-CV-43-S<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW, Plaintiffs, BRYANT SHEPARD and AMANDA SHEPARD, Individually and as Next Friends of HANNAH SHEPARD and MASON SHEPARD, by and through their attorneys, and for their causes of action against Defendants, REED CONSTRUCTION CO., INC. and DAVID REED, an Employee of Reed Construction Co., Inc., and in support of the relief requested here, respectfully allege to the Court as follows:

### Nature of the Case

1. This is a Wyoming, diversity jurisdiction, personal injury case arising out of a crash that occurred on or about July 3, 2019, in Sublette County, Wyoming.

## Parties

2. This Complaint is brought on behalf of Plaintiffs Bryant Shepard, Amanda Shepard, Individually and as Next Friend of Hannah Shepard and Mason Shepard. Plaintiffs Bryant Shepard and Amanda Shepard are husband and wife and the parents of Hannah and Mason Shepard. At all times relevant to the facts alleged in this Complaint, they were all citizens and residents of the State of Texas.

3. Bryant Shepard, Amanda Shepard, Hannah Shepard and Mason Shepard all suffered personal injuries and damages on July 3, 2019, on US 191 in Sublette County, Wyoming when they were struck by a cement truck driven owned by Reed Construction Co Inc. and driven and operated by its employee, David Reed.

4. Defendant Reed Construction Co Inc. (hereinafter "Reed Construction") is a Wyoming Corporation doing business in Wyoming and with its principal office and place of business at 150 N. Colter Ave., Pinedale, Wyoming, 82941. At all times pertinent to this case, Reed Construction was an employer of David Reed, who was driving the vehicle involved in the collision that forms the basis of this suit and acting within the scope of his employment for Reed Construction. Further, upon information and belief, Reed Construction is the owner of the cement truck driven by David Reed at the time of the collision that forms the basis of this suit.

5. Defendant Reed Construction, as a legal entity, can only act through its officers, directors, employees, and agents. As the employer of those who set policy and engage in either an active or passive role in the hiring, training, and supervision of employees, Defendant Reed Construction is responsible for the acts and/or omissions which were the direct and proximate cause of the personal injuries to Bryant, Amanda, Hannah, and Mason Shepard.

6. This Complaint is brought against all employees and agents of Defendant Reed Construction involved in causing the personal injuries to Bryant, Amanda, Hannah, and Mason

Shepard and also against all officers, directors, managerial agents, supervisors, and safety personnel for Defendant Reed Construction who set policy or have any responsibility or role in policy making, hiring, training or supervising employees and/or agents of Defendant Reed Construction.

7. Defendant David Reed (hereinafter "Reed") is a citizen of Pinedale, Sublette County, Wyoming. At all times material to the facts alleged herein, Defendant Reed resided in Sublette County, Wyoming.

8. Defendant Reed was an employee and/or agent of Defendant Reed Construction and is sued in that capacity. At all times material to the facts alleged herein, Defendant Reed was acting within the course and scope of his employment or as an agent of Defendant Reed Construction.

**Jurisdiction and Venue**

9. Jurisdiction is based on diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1332.

    a. The Court has general personal jurisdiction over Defendant Reed because he is and at all times relevant was a citizen of the state of Wyoming.

    b. The Court has general personal jurisdiction over Defendant Reed Construction because it is organized under the laws of the State of Wyoming and maintains its principal place of business in the State of Wyoming. Defendant Reed is "at home" in Wyoming and subject to the exercise of general personal jurisdiction by courts within the State of Wyoming.

    c. The Court also may exercise specific personal jurisdiction over Defendant Reed Construction because it purposefully availed itself of the benefits

and privileges of conducting business in Wyoming and because the claims made against Defendant Reed Construction in this lawsuit arise foreseeably from the purposeful direction of those activities to Wyoming. More specifically, Defendant Reed Construction was engaged in and conducting business in the State of Wyoming. It intentionally solicited business in Wyoming from residents of Wyoming and employed citizens of Wyoming (including David Reed) to engage in commercial transactions to further its business interests in Wyoming. Defendant Reed Construction anticipated that it would derive revenue and profit from its transactions in Wyoming. It was engaged in such a transaction in Wyoming through its employee, David Reed, at the time of the collision that gives rise to this action. The claims made in this lawsuit, therefore, arise directly from the purposeful direction of those activities to Wyoming; it was foreseeable to Defendant Reed Construction that the purposeful direction of those activities to Texas could result in a lawsuit in Texas. In particular, by conducting business in Wyoming through the use of vehicles on the roadways of Wyoming, it assumed a duty of care to other drivers on those roadways and it was foreseeable to Defendant Reed Construction that one of its vehicles could be involved in an accident and that it might face a lawsuit as a result of such an accident.

      d.     The exercise of either general or specific personal jurisdiction over Defendants Reed and Reed Construction by this Court is wholly consistent with due process and does not offend traditional notions of fair play and substantial justice.

10. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Facts Common to All Causes of Action

11. Defendant Reed Construction is a construction and/or cement company doing business throughout the United States. Reed Construction hauls building materials, sand, gravel, concrete, and/or large machinery via interstate commerce. Reed is a certificated interstate motor carrier. On or about July 3, 2019, David Reed, as an employee of Reed, was operating an Oshko cement truck southbound on US 191 in Sublette County, Wyoming. David Reed was acting within the scope of his employment with Defendant Reed as he drove the cement truck on US 191, driving the cement truck was the kind of work that David Reed was employed to perform and he was driving the cement truck for the purposes of performing his employer's business.

12. At about the same time, Plaintiffs were in a Toyota Camry owned and driven by Bryant Shepard, who was lawfully operating the vehicle at the time. They were also traveling southbound on US 191, in front of David Reed in his cement truck.

13. A third vehicle was driving ahead of the Shepard vehicle.

14. The highway was confined to a single-vehicle travel lane, due to construction on the roadway ahead. A pilot car (distinct from the "third vehicle" mentioned in paragraph 8) was leading the traffic through the construction zone. The pilot car began to slow down due to construction ahead. The third vehicle (in front of the Shepard vehicle) and the Shepard vehicle took proper evasive action and braked to yield to the pilot car ahead. The Reed Construction vehicle, however, failed to take proper evasive action and yield to the traffic ahead. As a result of that failure, the Reed vehicle crashed into the back of the Shepard vehicle. This impact caused a second collision between the Shepard vehicle and the third vehicle.

15. According to the police report, the Shepard vehicle sustained total damage, both front and rear, with full interior air bag deployment. All four members of the Shepard family were transported from the scene of the accident by ambulance to the nearest hospital.

16. Defendant Reed Construction is a corporate entity, and as such can only act through its agents, servants and/or employees; it is liable for the acts and omissions of its agents, servants and/or employees.

17. The acts and omissions of Defendant Reed were also the acts and omissions of Defendant Reed Construction under the legal concept of *respondeat superior* and vicarious liability.

18. This Complaint is brought against the officers, directors, managerial agents, supervisors, and safety personnel for Defendant Reed Construction who set policy or play an active or passive role in the policy making and/or in the hiring, training, supervision, assignment, and dispatching of the employees, drivers and/or operators of Defendant Reed Construction, including Defendant Reed. Defendant Reed Construction, as a legal entity, can only act through its agents, servants and/or employees and it is liable for the acts and omissions of its agents, servants and/or employees. As the employer of those who set policy and play either an active or passive role in the hiring, training, supervision, assignment, and dispatching of the employees, drivers and/or operators, Defendant Reed Construction is liable for their tortious acts and omissions which were the direct and proximate cause of the serious and permanent injuries sustained by Plaintiffs and their children.

19. As the entity who employed and controlled Defendant Reed, Defendant Reed Construction did not take the required actions to assure that Reed was properly trained or supervised; physically fit for driving; driving at a proper and lawful speed and following distance; was keeping a proper lookout; not driving while distracted; and Defendant Reed Construction did

not take the required action to assure that its drivers, including Reed, complied with the duty imposed on them by law.

20. The acts, errors or omissions of Defendants, are the actual and proximate cause of Bryant, Amanda, Hanna and Mason Shepard's injuries, which include permanent and debilitating physical injuries, medical expenses, pain and suffering, emotional trauma and past and future lost wages.

## Causes of Action
### Negligence – Defendant Reed Construction

21. Plaintiffs reincorporate and re-allege the contained paragraphs as though fully set forth herein.

22. At the time of the subject collision, Defendant Reed Construction, owed a duty to Bryant, Amanda, Hannah and Mason Shepard to avoid causing injuries and damages. Defendant Reed Construction was negligent in failing to conform its conduct to the standards of care applicable to employers who operate vehicles like cement trucks on the roadways of Wyoming. Defendant Reed Construction breached that duty and its acts and omissions are the proximate cause of Plaintiffs' injuries and damages. Such acts and omissions include, but are not limited to:

    a. Failing to develop and implement safe work policies and procedures;

    b. Failing to ensure its drivers, supervisors and trainers adhere to safety procedures;

    c. Failing to take precautions to train and instruct employees/agents of driving hazards, including following too closely and failing to maintain an assured clear distance;

  d. Failing to exercise reasonable care to ensure company vehicles were properly entrusted to fit and qualified drivers;

  e. Failing to hire fit and qualified drivers;

  f. Failing to properly train employees/agents to make reasonable, safe, and prudent decisions while driving;

  g. Failing to adequately qualify its drivers;

  h. Failing to adequately supervise its drivers to keep a proper lookout, keep a proper following distance and speed, drive undistracted, and keep its vehicles under control at all times; and

  i. Otherwise failing to exercise reasonable care under the circumstances.

23. Defendant Reed is liable for the negligence of its employee, David Reed, who was acting within the course and scope of his employment. As a direct and proximate result of Defendant Reed Construction's negligence acts and omissions, Plaintiffs suffered damages as explained in more detail herein.

## Causes of Action
### Negligence – Defendant David Reed

24. Plaintiffs reincorporate and re-allege the contained paragraphs as though fully set forth herein.

25. At the time of the subject collision, Defendant David Reed had a duty to operate his vehicle in a safe and reasonable manner. David Reed failed to conform his conduct to that duty of care and Plaintiffs' injuries and damages were proximately caused by Defendant Reed's negligent acts and omissions. Such acts and/or omissions include, but are not limited to:

    a.    Driving the concrete truck at a speed greater than was reasonable and prudent and having no regard to the actual and potential hazards then existing;

    b.    Failing to keep proper lookout for others using the highway;

    c.    Driving while distracted;

    d.    Failing to maintain an assured clear distance from the vehicle in front of him;

    e.    Failure to properly assess traffic conditions while operating the cement truck;

    f.    Failing to keep his cement truck under proper control at all times;

    g.    Failing to maintain proper vision and lookout; and

    h.    Failing to operate his vehicle with reasonable care under the circumstances.

26.    As a direct and proximate result of Defendant Reed Construction's negligence acts and omissions, Plaintiffs suffered damages as explained in more detail herein.

27.    If discovery reveals that Defendants' conduct was more culpable than simple negligence, then Plaintiffs will seek leave of Court to amend this Complaint to allege same and the consequences thereof.

## Damages

28.    As a direct and proximate consequence of Defendants' conduct, Plaintiffs have suffered and continue to suffer from the following injuries for which they are entitled to collect compensation from Defendants:

    a.    pain and suffering, past;

    b.    pain and suffering, future;

    c.    mental anguish, past;

      d.    mental anguish, future;

      e.    loss of the enjoyment of life, past;

      f.    loss of the enjoyment of life, future;

      g.    medical expenses, lost earnings or earning capacity, and other economic damages; and

      h.    any other losses or damages as may be proven or shown.

29.    WHEREFORE, Plaintiffs pray for judgment against Defendants, for the acts, errors and omission of Defendants, their principals, employees, staff, or agents, direct or indirectly causing the personal, physical, and mental and financial injuries to Plaintiffs as will be proven at trial, and other such damages and compensation for loss;

      a.    Monetary, pecuniary or other loss allowed in law or equity, sustained by Plaintiffs; and

      b.    For such other and further relief as the Court deems proper and just in premises.

## Jury Trial Demanded

30.    Plaintiffs hereby invoke their constitutional right to trial by jury.

RESPECTFULLY SUBMITTED this 5th day of March 2020.

By: _____
Brian B. Vinegar (WBS #7-6140)
Fred H. Shepherd (WSB #7-5762)
VICKERY & SHEPHERD, LLP
10000 Memorial Dr. Ste. 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: brian@justiceseekers.com
Email: fred@justiceseekers.com
*Counsel for Plaintiffs*